UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>THOMAS DALE OVERSTREET,<br><br>                    Defendant. | Case No. 1:11-cr-00207-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendant's Motion for Review of Conditions Under 18 U.S.C. § 3145(a)(2) (Dkt. 25), and the Government's Motion for Detention (Dkt. 28).

**LEGAL STANDARD**

When a Magistrate Judge issues an order of release based on certain conditions, a defendant may file a motion for amendment of the order with the District Judge having original jurisdiction over the case. 18 U.S.C. § 3145(a)(2). The attorney for the Government may also file a motion for amendment or revocation of the order. 18 U.S.C. § 3145(a)(1). The motions shall be determined promptly. *Id*. The District Judge reviews the Magistrate Judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). The District Judge has discretion to conduct another detention hearing, but a hearing is not required. *See e.g., U.S. v. Spears*, 2010 WL 2427439 (N.D.Ind.2010); *U.S.

*v. Baghdasaryan*, 2010 WL 2545993 (D.Kan.2010); *U.S. v. Baker*, 703 F.Supp. 34 (N.D.Tex.,1989).

In deciding whether to detain or release a defendant, the Court determines whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e). The Court considers several factors when making this determination, including: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger the defendant poses to any person or the community. 18 U.S.C. § 3142(g). Several sub-factors potentially apply to the third factor, including physical and mental condition, family ties, financial resources, employment, length of residence in the community, community ties, drug and alcohol abuse, past conduct, and any record concerning appearance at court proceedings. 18 U.S.C. § 3142(g)93)(A). The rules of evidence regarding admissibility of evidence at trial do not apply, but if the Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community, the facts the Court uses to support that finding shall be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

## ANALYSIS

Magistrate Judge Bush ordered Overstreet released subject to certain conditions. One of those conditions was that Overstreet maintain a bank account containing at least $75,000.00. Overstreet asserts that he can only maintain an account with $10,000.00.

Accordingly, Overstreet is currently detained. Overstreet asks this Court to revise his conditions of release so that he is not required to maintain the bank account containing $75,000.00. The Government asks the Court to order Overstreet detained, or, at the very least, affirm the conditions of release imposed by Judge Bush.

The Court will affirm the conditions of release Judge Bush placed on Overstreet. Considering the evidence presented at the hearings[1] only for purposes of detention, Overstreet has been engaged in a longstanding pattern of avoiding payment of federal income taxes, and he is charged with several serious felonies. With regard to the history and characteristics of the defendant, there's no evidence that Overstreet has strong family ties to Idaho, or the United States for that matter. He has family in Mexico, where he also owns a resort/home, and he intends to retire there. He does have a business in Idaho, but that business is related to the allegations in the complaint, and there is evidence that Overstreet is trying to sell it. Further, a Government agent testified that Overstreet stated in his interview that the business in Idaho was the only thing keeping him in the country. Finally, although there has been some indication that Overstreet played a role in attempting to tamper with potential witnesses, it has not been to the degree where the Court believes Overstreet must be detained at all costs in order to protect the community. Moreover, there is nothing regarding Overstreet's physical and mental condition, including any past conduct or drug and alcohol abuse, that cuts either way regarding

---

[1] Judge Bush conducted an initial detention hearing, as well as a second hearing when Overstreet filed a motion to reconsider. The Court has reviewed the transcripts from both hearings. Based thereon, the Court does not feel it is necessary to conduct a further evidentiary hearing.

**MEMORANDUM DECISION AND ORDER - 3**

whether Overstreet is a danger to others or will assure his appearance.

With respect to the condition that Overstreet maintain a bank account with at least $75,000.00, Overstreet contends that he does not have that amount of money. However, based on the evidence presented during the detention hearings, Overstreet has significant assets. Property records show that Club 7, Overstreet's Idaho business, has been profitable for years. Overstreet also owns The Flying High Resort in Mexico, which is unencumbered, and opened for business in November 2010. Additional evidence shows that Overstreet has withdrawn over $100,000.00 in cash from several of his bank accounts over the past six months. Moreover, a witness testified that Overstreet has transported approximately $200,000 in cash to Mexico. At least some of this money was placed in Mexican bank accounts belonging to or controlled by Overstreet. Bank records for U.S. bank accounts maintained or controlled by Overstreet show that since at least 2002 Overstreet has transferred tens of thousands of dollars into Mexico through wire transfers and ATM withdrawals. Accordingly, the extent of Overstreet's assets suggest that he can maintain an account with $75,000.00.

Under these circumstances, the Court finds that the conditions of release imposed by Judge Bush, including but not limited to maintaining a minimum bank account balance of $75,000.00, GPS monitoring, surrender of his passport, restricting his whereabouts to Payette county (and Ada county for purposes of meeting counsel), and prohibition from airports, are necessary but also adequate to reasonably assure the appearance of Overstreet and the safety of any other person and the community. 18 U.S.C. § 3142(e).

Accordingly, the Court will deny Overstreet's Motion for Review of Conditions and the Government's Motion for Detention, and affirm Judge Bush's order.

## ORDER

**IT IS ORDERED:**

1. The Court has before it Defendant's Motion for Review of Conditions Under 18 U.S.C. § 3145(a)(2) (Dkt. 25) is **DENIED**.

2. Government's Motion for Detention (Dkt. 28) is **DENIED**.

DATED: **October 26, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge