UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>THOMAS DALE OVERSTREET,<br><br>　　　　　　　Defendant. | Case No. 1:11-cr-00207-BLW<br><br>**ORDER** |

In accordance with the Findings of Fact and Conclusions of Law entered concurrently herewith,

**IT IS ORDERED:**

1. The Government's Motion for Preliminary Order of Forfeiture as to Thomas Dale Overstreet (Dkt. 96) is **GRANTED**.

2. As a result of Defendant Thomas Dale Overstreet's guilty plea to Counts Five and Six of the Superseding Indictment, based upon which the Government sought forfeiture pursuant to 18 U.S.C. §§ 982, 1955 and 21 U.S.C. § 853, Defendant shall forfeit to the United States all property involved in or traceable to violations of 18 U.S.C. § 1956(h), and all property consisting of or derived from any proceeds the Defendant obtained directly or indirectly as a result of the violations,

and all property used in any manner or part to commit or facilitate the commission of the violations of 18 U.S.C. § 1955.

3. The Court has determined, based on the Defendant's guilty plea, which was not pursuant to any agreement with the government (Docket Nos. 57, 62, 72), and the evidence received during the forfeiture hearing held on September 19 and 20, 2012, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 1955(d) and 18 U.S.C. § 982, and that the government has established the requisite nexus between such property and such offenses:

   a. Cash Proceeds: Illegal Gambling Business: At least $2,411,467.60 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted profits of the charged illegal gambling business, and was subsequently expended, spent, distributed or otherwise disposed of by the Defendant.

   b. Cash Proceeds: Property Involved in Money Laundering: At least $5,027,228.25 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is the value of property which was involved in the charged money laundering conspiracy, was traceable to such property, or facilitated the commission of the violation, and was subsequently expended, spent, distributed or otherwise disposed of by the Defendant.

c. Real Property and Proceeds thereof: All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described below:

  i. All of that certain parcel of land located at 210 3rd Street, Fruitland, Idaho 83619, which was known and formerly did business as Club 7, and more particularly described as:

   1. Club 7, being lots Nos. 5, 6, 7, and 8, in block 8, known as Fruitland Original or Fruitland Original Club 7 in the ORIGINAL TOWNSITE OF FRUITLAND, Payette County, Idaho, as per Plat in Book 1, Page 22, Plat Records, Payette County, Idaho.

  ii. All of that certain parcel of land located at located in La Ventana, Baja California Sur, Mexico, currently known and doing business as The Flying High Resort, and more particularly described as:

   1. The Flying High Resort, which may formerly have been known as fraccion reastante parcela # 347, with certificado parcelario no. 11143, being la parcela No. 347 Z17 P1/1, Del Ejido El Sargento y Su Anexo La Ventana, Municipiode La Paz, Estado de Baja California Sur, Con Superficie De 0-58-59.21 HA., Cincuenta y Ocho Areas, Cincuenta y Nueve
ORDER - 3

Punto Veintiun Centiareas, con las siguientes medidas y colindancias: Noreste 39.80 mts.con la zona federal maritimo terrestre Golfo de California Sureste 122.02 mts. con parcela 130 Suroeste 60.00 mts. con carretera el sargento los planes Noreste 55.00 mts. Con acceso; 34.23 mts. con parcela 346; 24.06 mts. con parcela 345. Habiendose inscrito este certifcado en el registro agrario nacional, bajo el folio 03FD00011056. Being the same property which the Defendant purchased on or about December 4, 1995 in La Paz, Baja California Sur.

d. Bank Accounts/Investment Accounts/Management Accounts: All funds received on behalf of, or credited to, bank accounts, investment accounts or management accounts, held in the United States or overseas, in which the said Defendant has an interest, including but not limited to, the following bank accounts, investment and management accounts:

 i. Bank of Cascades, Thomas Dale Overstreet, dba Club 7Acct. No. 5700339101;
 ii. Bank of Cascades, Thomas Dale Overstreet, Acct. No. 5707686006;
 iii. Bank of Cascades, Shawnee Traughber, Acct. No. 77008626;
 iv. Zions Bank, Dalaney Overstreet, Acct. No. 4163028261.

  e.  Business Property and Proceeds Thereof: All interests in any and all assets, investment accounts or equity in any of the following businesses:

    i.  Club 7

  f.  Personal Property:

    i.  Electronic video gambling machines seized from Club 7 on or about July 15, 2011.

  g.  Substitute Assets:

    i.  If any of the properties and interests described above as being subject to forfeiture, as a result of any act or omission of the Defendant: (a) Cannot be located upon the exercise of due diligence; (b) Has been transferred or sold to, or deposited with, a third person; (c) Has been placed beyond the jurisdiction of the court; (d) Has been substantially diminished in value; or (e). Has been commingled with other property which cannot be subdivided without difficulty, the United States, pursuant to 21 U.S.C. § 853 (p) and Title 18 U.S.C. § 982(b), may seek forfeiture of any other property of the said Defendant up to the value of the forfeitable properties and his interests therein.

4. Upon entry of this Order, the United States Department of Treasury is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order.

5. The United States shall publish on www.forfeiture.gov for thirty (30) consecutive days, notice of the order and its intent to dispose of the property in such a manner as the United States Department of Treasury (or a designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited properties.

6. Any person, other than the above-named Defendant, asserting a legal interest in the subject properties may, within (60) days of the first publication on www.forfeiture.gov or within thirty days (30) days of the notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest any of the subject properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. Pursuant to Fed R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall be final as to the Defendant and shall be made part of his sentence and included in the judgment.

8. Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties,

the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the above-described properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

11. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: November 29, 2012

B. Lynn Winmill
Chief Judge
United States District Court