UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-11-207-S-BLW |
| ) | |
| Plaintiff, ) | |
| ) | FINAL ORDER OF |
| vs. ) | FORFEITURE |
| ) | AS TO CERTAIN ASSETS |
| THOMAS DALE OVERSTREET, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

WHEREAS, on November 29, 2012, this Court entered its Findings of Fact and Conclusions of Law (ECF No. 102) and Order granting forfeiture (ECF No. 103), based upon Defendant's plea of guilty to an Illegal Gambling Business (Count Five) in violation of 18 U.S.C. § 1955 and Conspiracy to Commit Money Laundering (Count Six) in violation of 18 U.S.C. § 1956(h) and forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C) and incorporated by 28 U.S.C. § 2461(c), 982(a) and 1955(d).

WHEREAS, the United States caused notice of the above-referenced

FINAL ORDER OF FORFEITURE AS TO CERTAIN ASSETS - 1

forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6), including publication on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, as required by Rule 32.2(b)(6)(C);

AND WHEREAS, no claims were filed as to the specific assets listed below.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Motion for Final Order of Forfeiture (docket no. 118) is GRANTED. The Court further finds that the United States Department of Treasury is designated to forthwith seize all of the forfeited properties, not heretofore seized, which are described below.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

That the right, title and interest to the hereinafter described property is hereby condemned, forfeited and vested in the United States of America, and that no claim of interest in said property shall exist in any other person or entity, and that said property shall be disposed of according to law:

    a.    <u>Cash Proceeds</u>: Illegal Gambling Business: At least $2,411,467.60 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted profits of the charged illegal

gambling business, and was subsequently expended, spent, distributed or otherwise disposed of by the Defendant.

b. <u>Cash Proceeds</u>: Property Involved in Money Laundering: At least $5,027,228.25 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is the value of property which was involved in the charged money laundering conspiracy, was traceable to such property, or facilitated the commission of the violation, and was subsequently expended, spent, distributed or otherwise disposed of by the Defendant.

c. <u>Real Property and Proceeds thereof</u>: All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described below:

All of that certain parcel of land located at 210 3rd Street, Fruitland, Idaho, which was known and formerly did business as Club 7, and more particularly described as:

> Club 7, being lots Nos. 5, 6, 7, and 8, in block 8, known as Fruitland Original or Fruitland Original Club 7 in the ORIGINAL TOWNSITE OF FRUITLAND, Payette County, Idaho, as per Plat in Book 1, Page 22, Plat Records, Payette County, Idaho.

d. <u>Business Property and Proceeds Thereof</u>: All interests in any and all assets, investment accounts or equity in the business known as Club 7.

e. <u>Personal Property</u>: Electronic video gambling machines seized from Club 7 on or about July 15, 2011.

f. <u>Substitute Assets</u>:

If any of the properties and interests described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third person;

(c) Has been placed beyond the jurisdiction of the court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be subdivided without difficulty, the United States, pursuant to 21 U.S.C. § 853 (p) and Title 18 U.S.C. § 982(b), may seek forfeiture of any other property of the said Defendant up to the value of the forfeitable properties and his interests therein.

Having clear title, and pursuant to 21 U.S.C. § 853(n)(7), the United States may warrant good title to any subsequent purchaser or transferee.

IT IS FURTHER ORDERED that any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposit, as well as income derived as a result of the United States Department of Treasury's management of any property forfeited herein, and the proceeds from the sale of any

FINAL ORDER OF FORFEITURE AS TO CERTAIN ASSETS - 4

forfeited property, after the payment of costs and expenses incurred in connection with the forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the United States Department of Treasury Fund.

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order and as to related forfeiture matters herein; and

IT IS FURTHER ORDERED that all parties herein shall bear their own costs and fees.

DATED: August 13, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court